## EX PARTE WREFORD.

### [APPLICATION TO HEAR PETITION FOR BAIL.]

1. *Practice on petition for bail; when heard.*—The practice has grown up in this court for several years past, of hearing applications for bail, and other similar cases, on the request of counsel, at any time before the minutes are signed, although after the expiration of the time allotted to the regular business of the term; but, hereafter, such cases will only be heard during the regular term, unless the *public interest* should require a hearing of some particular case after that time.

APPLICATION for bail by Samuel P. Wreford, after its refusal by Hon. THOMAS M. ARRINGTON, presiding in the city court of Montgomery. The prisoner was indicted, by a special grand jury, on the 6th March, 1867, for willfully setting fire to a store-house in the city of Montgomery; and was tried during the March term of said city court, under said indictment. The jury being unable to agree on a verdict, after about ten days' deliberation, were discharged by the court, and a mistrial entered, against the defendant's objections; the minute-entry reciting that all the other business of the court was disposed of. The petitioner thereupon applied to the court to be admitted to

bail, but his application was overruled and refused. All the evidence adduced on the hearing before the city judge was reduced to writing, and embodied in the bill of exceptions; and the petitioner thereupon renewed his application to this court. The petition was filed in this court on the 8th April, 1867; Hon. A. J. WALKER, C. J., and Hon. THOS. J. JUDGE, J., being present. All the regular business of the term had been disposed of, and the time allotted to the several divisions had expired, before the petition was filed; but the minutes of the term had not been signed. The following opinion was delivered on the preliminary question, whether, under these circumstances, the court would hear the application at this time.

GOLDTHWAITE, RICE & SEMPLE, and STONE, CLOPTON & CLANTON, for the petitioner.

JNO. W. A. SANFORD, Attorney-General, and WATTS & TROY, contra.

A. J. WALKER, C. J.—Section 570 of the Code provides as follows: "The regular sessions of the supreme court commence on the first Monday in January and June, in each year, and must continue from day to day, Sundays excepted, until the business thereof is completed; but a special session may be holden by the direction of the court, when the public interest requires." From this section it is clearly deducible that the legislature contemplated the termination of a term with the completion of the business thereof. For the last eleven years, and perhaps longer, the court has not formally adjourned until the Saturday next before the Monday on which a new term commences. This usage commends itself for the prolonged opportunity which it affords for the correction of errors, and the reconsideration of judgments and opinions. It was in this view that it was adopted, and has been maintained. Upon the expiration of the time allotted for the hearing of causes, the term, for all other purposes than the correction of errors, ends. From that time, the continuation of the term has but the one purpose—the correction of errors into which the court or its officers may have fallen. The spirit and

intent of the section quoted is preserved, by a convention of the court and the hearing of cases, "when the public interest" requires it. When "the public interest requires," the statute contemplates that a " special session" should be holden. It is in that contingency, and that alone, that the court ought to assemble for the hearing of a case, after the period for the trial of causes has expired. The special convention of the court for the hearing of causes ought to correspond with the special sessions mentioned in the statute. The assembling of the court, on the petition of counsel, full of ardor and zeal in their cases, whenever they may consider that the condition of their clients presents cases of peculiar hardship, would be not only personally onerous to the court, but detrimental to the public welfare, by interfering with the preparation of opinions, and the study of cases by the judges. It would operate as a special and partial favor to the bar at the capital, whose location gives them peculiar opportunities for presenting cases outside of the regular order, which the zeal of counsel in their particular cases may lead them, without any design of injustice to others, to use to such an extent as to consume time which is due to the consideration of causes already heard from all parts of the State. We think, for the reasons above stated, that the correct practice is to hear cases, after the regular business of the court is completed, only when we can perceive that the public interest requires it. This rule the court resolved during its late sitting to adopt, but made no public announcement of its resolution.

During the last few years, a practice grew up of hearing causes without much discrimination, upon the request of counsel, a quorum of the court being resident at the seat of government. This practice, although always deprecated, was the result of the gradual encroachments, which solicitation, the complaisance of the judges, the apparent hardship of particular cases, and other causes incident to the times, made upon a sound general rule. The previous practice and resolution of the court being such as is above stated, we have an application to hear this case, pressed with much earnestness by very respectable counsel. In refusing to hear the case, we should depart from the prac-

tice of the same court, as it has been for years, upon a res-
olution not heretofore publicly announced.    After delibera-
tion upon the subject, we think it better to yield to the
wishes of the counsel on both sides, without scanning very
closely the question, whether the public interest requires
that the case be heard, rather than to establish a practice
somewhat variant from that which has prevailed for some
time, without public announcement of our intention.   It is
better that this court should not *even seem* to bend its rules
to cases.

The court decides to hear the case presented, accompa-
nying its assent to do so with an announcement of the rea-
son, and a public declaration of the rule which will govern
it in future in reference to such applications.   That rule is,
that every such application, not being for the correction of
the errors of the court or its clerk, will be heard after the
regular business of the term is completed, *only* when the
court can see that the public interest requires it.